Matter of Peters v Annucci (2019 NY Slip Op 07971)





Matter of Peters v Annucci


2019 NY Slip Op 07971


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

527688

[*1]In the Matter of Tyrone Peters, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: October 4, 2019

Before: Garry, P.J., Clark, Mulvey and Aarons, JJ.


Tyrone Peters, Pine City, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
While a female correction officer was performing her duties, petitioner approached her and told her that he knew her first name. He then told her that his wife, who was an attorney, looked her up and obtained personal information about the officer, including her address. When the officer directed petitioner to lock in to his cell, he told her that his wife was not finished getting information about her. These comments made the officer uncomfortable, and she wrote a misbehavior report charging petitioner with harassment, making threats, refusing a direct order, interfering with an employee, possessing employee information and stalking. Following a tier III disciplinary hearing, he was found guilty of all charges except for possessing employee information and stalking. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
Petitioner asserts that the determination of guilt is not supported by substantial evidence. Respondent concedes and, upon reviewing the record, we agree that that part of the determination finding petitioner guilty of refusing a direct order and interfering with an employee is not supported by substantial evidence (see Matter of Baxter v Annucci, 173 AD3d 1547, 1548 [2019]; Matter of White v Annucci, 169 AD3d 1326, 1327 [2019], lv dismissed 33 NY3d 1048 [2019], lv denied 33 NY3d 908 [2019]). However, given that petitioner has already served the penalty and no loss of good time was imposed, the matter need not be remitted for a redetermination of the penalty on the remaining charges (see Matter of Baxter v Annucci, 173 AD3d at 1548; Matter of Martin v Rodriguez, 171 AD3d 1322, 1322-1323 [2019]). Contrary to petitioner's claim, that part of the determination finding petitioner guilty of making threats and engaging in harassment is supported by substantial evidence consisting of the detailed misbehavior report and the testimony of its author (see Matter of Lewis v Fischer, 112 AD3d 1194, 1195 [2013]; Matter of Wahhab v Fischer, 77 AD3d 996, 997 [2010]). We have considered petitioner's remaining claims and find them to be unavailing.
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order and interfering with an employee; petition granted to that extent and respondent is directed to expunge all references to these charges from petitioner's institutional record; and, as so modified, confirmed.